### FRANK ANTHONY v. J. EDGAR POAG.

(Filed 5 May, 1915.)

**Appeal and Error—Instructions—Negligence—Harmless Error.**

In an action to recover for an alleged negligent injury to plaintiff, while driving on the streets of a town, by the defendant while running an automobile, the plaintiff on cross-examination testified that defendant gave him $5 .in money, carried him to his home and appeared to be solicitous of him. The court refused to charge, at defendant's request, this evidence should not be considered on the issue of negligence, and it is held that no prejudice to defendant has been shown, and the refusal of the request was not reversible error.

APPEAL by defendant from *Shaw, J.*, at December Term, 1914, of GASTON.

Civil action to recover for negligent injury.

There were facts in evidence tending to show that, in May, 1911, plaintiff, driving a one-horse wagon in the town of Cherryville, was injured by reason of negligence on the part of defendant, operating an automobile on the streets of the town.

There was evidence on part of defendant that he was not negligent, and further that plaintiff's injury was properly attributable to his own negligence in the way he endeavored to alight from his wagon at the time of the occurrence.

On the three ordinary issues, in actions of this character, there was verdict for plaintiff. Judgment, and defendant excepted and appealed.

*David P. Dellinger for plaintiff.*
*Mangum & Woltz for defendant.*

PER CURIAM. The issue as to defendant's liability for plaintiff's injury was largely one of fact, and, the jury having accepted plaintiff's version of the occurrence, an actionable wrong is established, and we find no sufficient reason for disturbing the result.

There were facts in evidence tending to show that, shortly after the occurrence, defendant had shown concern for plaintiff's condition; had left $5 at a drug store for him and taken steps to have him presently removed to his (plaintiff's) home, and it was chiefly urged for error that the court failed to charge, as requested by defendant, that this conduct should not be considered on the issue of negligence.

While the prayer may, as a general rule and on this record, embody a correct general proposition, we do not think the action of the court concerning it should be held for reversible error, for the reason that we are utterly unable to see that the evidence was used to defendant's prejudice or that it in any way affected the result.

As a matter of fact, the kindness of the defendant in procuring a physician for plaintiff was brought out on cross-examination of plaintiff by defendant's counsel, and the considerate conduct of his client was no doubt used to full advantage in the discussion of the issue. It was for this reason, probably, the court ignored the prayer for instructions, and, in doing so, we are unable to see that prejudicial error was committed. After giving the matter very careful consideration, we are of opinion that the judgment should be affirmed, and it is so ordered.

No error.